UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARCY BROOKS, on behalf of herself
and all others similarly situated,

                Plaintiff,

vs.

ULTRA ENTERPRISES INC.,

                Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Ultra Enterprises Inc. ("Ultra")[1] hereby removes this civil action from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida pursuant to the Class Action Fairness Act (CAFA), codified in relevant part at 28 U.S.C. §§ 1332 and 1453. Ultra hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[2]

### I.      PROCEEDINGS TO DATE

On May 18, 2020, Plaintiff Marcy Brooks ("Plaintiff") filed a putative class action complaint (the "Complaint") in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida (the

---

[1] Event Entertainment Group, Inc. ("EEG"), not Ultra, is the proper named defendant in this action. Ultra is the entity that owns the *Ultra Music Festival*® trademark. Bassett Decl. ¶ 4 (**Ex. 1**). EEG licenses rights from Ultra to exploit the *Ultra Music Festival*® trademark in conjunction with producing an annual 3-day music festival in Miami (the "Event"). *Id.* at ¶ 5. EEG is the sole producer of the Event and sells tickets for the Event using a third-party ticketing intermediary. *Id.* at ¶ 6. Ultra is not a party to any ticket sales transactions respecting any Event, including the Event that was scheduled to take place in Miami, Florida on March 20-22, 2020 (the "2020 Event"). *Id.* Undersigned counsel is also counsel for EEG and intends to move to substitute EEG as the proper named defendant upon removal.

[2] In removing this action to federal court, Ultra expressly reserves—and does not in any way waive—its or EEG's right to move to compel arbitration of the individual class members' claims.

"Circuit Court") against Defendant Ultra Enterprises Inc. ("Ultra"). The Complaint was served on Ultra on May 28, 2020. In the Complaint, Plaintiff purports to assert claims against Ultra based on state law. As required by 28 U.S.C. § 1446, copies of all process, pleadings and other papers previously filed with the Circuit Court are attached hereto as follows*:

| | |
|---|---|
| Docket from the Eleventh Judicial Circuit as of June 17, 2020 | Exhibit 2 |
| Civil Cover Sheet Dated May 18, 2020 (DE 1) | Exhibit 3 |
| Civil Cover Sheet Dated May 15, 2020 (DE 2) | Exhibit 4 |
| Complaint (DE 3) | Exhibit 5 |
| Summons issued to Ultra (undated/unsigned) (DE 4) | Exhibit 6 |
| Summons issued to Ultra (dated/signed) (DE 7) | Exhibit 7 |
| Return of Service for Ultra (DE 8) | Exhibit 8 |

* Docket Entries Nos. 5 and 6 are docket text reflecting payment of the filing fee (DE 5) and summons issue fee (DE 6), with no documents attached.

## II.    THIS ACTION MAY BE REMOVED UNDER CAFA

This Court has original jurisdiction over this case under CAFA pursuant to 28 U.S.C. §§ 1332(d), 1453. Under CAFA, United States District Courts have original jurisdiction over any civil action if: (a) the proposed class contains at least 100 members; (b) none of the primary defendants is a state, state official, or governmental entity; (c) there is diversity between at least one putative class member and one defendant; and (d) the amount in controversy, after aggregating the sum or value of each proposed class member's claim, exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Based on the allegations in the Complaint, which must be taken as true for purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

## A.   The Proposed Class Consists of at Least 100 Members

Plaintiff seeks to certify a nationwide class comprised of "all those similarly situated ticket holders…who purchased a ticket to concerts that are part of the Ultra Musical Festival 2020." Compl. ¶ 21. Tens of thousands of tickets to the 2020 Event were sold. Bassett Decl. ¶ 8. In addition, the Complaint alleges the class size is "so numerous that separate joinder of each member is impractical." Compl. ¶ 22. Accordingly, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

## B.   No Defendant Is a State, State Official, or Government Entity

Ultra is not a state, state official, or governmental entity.[3]

## C.   This Action Meets the Diversity Requirements of CAFA

Diversity under CAFA exists if the citizenship of "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A corporation is deemed to be a citizen of every state "by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Ultra is incorporated in Florida, and its principal place of business is in Miami, Florida. Bassett Decl. ¶ 4; *see also* Compl. ¶ 15 (alleging Ultra is a Florida corporation). Thus, for diversity purposes, Ultra is considered a citizen of Florida. On the other hand, upon information and belief, Plaintiff is a citizen of California. *See* Compl. ¶ 2 (alleging Plaintiff resides in California). Thus, since Plaintiff is a citizen of California and Ultra is a citizen of Florida, CAFA's minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).[4]

---

[3] Nor is EEG a state, state official, or governmental entity.

[4] EEG is likewise incorporated in Florida with its principal place of business in Miami, Florida, *see* Bassett Decl. ¶ 5, and is thus also considered a citizen of Florida.

### D.  The Amount in Controversy Exceeds $5 Million

To remove a case from state court, the defendant must plead only "a short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 81 (2014); 28 U.S.C. § 1446(a).

"The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka*, 608 F.3d at 751 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). In addition, "the inclusion of attorney's fees in the calculation of the amount in controversy is appropriate." *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013).

Here, Plaintiff seeks, among other relief, a refund of the purchase price of the tickets purchased by herself and all others similarly situated for the Ultra Musical Festival that was scheduled to take place in Miami, Florida on March 20-22, 2020 (the "2020 Event"). Compl. at 13. Based on the number of 2020 Event tickets sold and the cost of the tickets, the amount in controversy as alleged in Plaintiff's Complaint exceeds $5,000,000. Bassett Decl. ¶ 9. While Ultra denies that Plaintiff and the putative class are entitled to any damages, taking Plaintiff's allegations as true for purposes of removal only, the alleged retail sales of 2020 Event tickets, plus attorneys' fees and the value of the injunctive relief Plaintiff seeks, in the aggregate, exceed CAFA's $5,000,000 amount in controversy requirement. *See Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1357 (N.D. Fla. 2011) ("there is little question that the amount in controversy for purposes of CAFA has been satisfied [based on monetary damages alone, and] [t]his ... does not [even] take into account that the amount of attorney's fees and the value of the claims for injunctive relief also could be factored into the calculus of determining the amount in controversy"). In sum, the $5,000,000 amount in controversy standard is easily met.

Accordingly, the Court has original jurisdiction over this action under CAFA pursuant to 28 U.S.C. §§ 1332(d), 1453 and this case may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### III.    VENUE

Plaintiff's lawsuit is pending in state court in Miami-Dade County, which is within this judicial district and division. *See* 28 U.S.C. § 89(c). Therefore, this Court is the proper venue for removal under 28 U.S.C. §§ 1441(a), 1446(a).

### IV.    TIMELINESS

Ultra was served on May 28, 2020 and is filing this Notice within thirty (30) days from the date that the Complaint was served on it. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

### V.    CONSENT

A class action "may be removed [under CAFA] by any defendant without the consent of all defendants." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1196 (11th Cir. 2007) (quoting 28 U.S.C. § 1453(b)). In any event, and in light of the fact that EEG is the proper named defendant here and that Ultra intends to move to substitute EEG as the proper named defendant upon removal, undersigned counsel is also counsel for EEG and is authorized to represent that EEG consents to the removal of this action.

### VI.    NOTICE

As required by 28 U.S.C. § 1446(d), Ultra will serve written notice of this Notice of Removal on Plaintiff, and Ultra will file a copy of this Notice of Removal with the clerk of the Circuit Court.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Ultra Enterprises Inc. respectfully requests that this action, previously pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Dated: June 17, 2020.

*<u>Hildy M. Sastre</u> (Florida Bar No. 026492)*
Hildy M. Sastre (Florida Bar No. 026492)
E-Mail:  hsastre@shb.com
Daniel B. Rogers (Florida Bar No. 195634)
E-Mail: drogers@shb.com
Michael L. Mallow (*pro hac vice* forthcoming)
E-Mail: mmallow@shb.com
Katherine G. Mastrucci (Florida Bar No. 0105367)
E-Mail: kmastrucci@shb.com
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Blvd.
Miami, Florida 33131
T: (305) 358-5171

*Attorneys for Defendant Ultra Enterprises Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of June 2020, I served a true and correct copy

of the foregoing document via electronic mail on all parties and counsel of record listed below.

Marcus W. Corwin
Florida Bar No. 0764647
CORWIN LAW
MARCUS W. CORWIN, P.A.
6001 Broken Sound Parkway NW, Suite 404
Boca Raton, FL 33487
Telephone: (561) 482-3636
E-Mail: mcorwin@corwinlawfirm.com

***Counsel for Plaintiff***

By: <u>/s/ *Hildy M. Sastre*</u>

Hildy M. Sastre

7