United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Marcy Brooks and Samuel Hernandez, on behalf of themselves and all others similarly situated, Plaintiffs, | ) ) ) ) |
| v. | ) Civil Action No. 20-22495-Civ-Scola ) Consol. Case 20-22185-Civ-Scola ) |
| Event Entertainment Group, Inc., Defendant. | ) ) ) |

### **<u>Order Granting Temporary Stay</u>**

The Plaintiffs, ticket holders for the Ultra Music Festival, in this putative class-action case, seek to recover damages from Defendant Event Entertainment Group, Inc., for canceling or postponing the festival just a few days before its scheduled start. (Pls.' Resp. to Mot. to Compel, ECF No. 17.) In response, Event Entertainment has moved to compel arbitration based on an arbitration clause in the parties' ticket contracts. (Def.'s Mot. to Compel, ECF No. 14.) In light of its motion to compel arbitration, Event Entertainment now seeks a motion to stay certain deadlines until the motion to compel has been ruled upon. (Def.'s Mot. to Stay, ECF No. 21.) The Plaintiffs object to such a stay, complaining the Court's initial order, requiring the parties to meet and confer and file a joint conference report, is still in effect and, regardless, Event Entertainment has not met its burden of establishing the need for such a stay. (Pls.' Resp. to Mot. for Stay, ECF No. 23.) After review, in light of Event Entertainment's motion to compel arbitration, the Court finds, a stay warranted and **grants** Event Entertainment's motion (**ECF No. 21**).

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, preliminary motions which may likely dispose of an entire suit should be resolved as soon as practicable to obviate avoidable discovery costs. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). When a resolution of a motion will dispose of an entire case, a request to stay discovery, pending its resolution, may be appropriate. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) ("A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."). The Court also finds "that the contractual

questions raised by a motion to compel arbitration are sufficiently analogous to the dispositive issues raised by a motion to dismiss" to warrant consideration under this framework. *Internaves De Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 16-81719-CIV, 2017 WL 7794599, at *1 (S.D. Fla. Feb. 24, 2017) (Middlebrooks, J.) Indeed, the Court agrees "[i]t would be a waste of time and expense to require the [p]arties to exchange documents and interrogatories and depose witnesses when the Court may very well determine that the contract requires an arbitrator to resolve this dispute." *Id.* at *2.

Additionally, "the Eleventh Circuit has held that one factor in determining whether a party waives its right to arbitration is the extent to which 'a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate.'" *Id.* (quoting *Citibank, N.A. v. Stok & Assoc., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010)). Since conferring about discovery and filing a joint plan and proposed schedule, in addition to exchanging discovery, could be viewed as substantial participation, not granting a stay would force Event Entertainment to take action that could be construed as inconsistent with Event Entertainment's intent to arbitrate. Further, the Plaintiffs have not identified any prejudice they will suffer as a result of a temporary stay. In fact, to the contrary, the Court finds, if anything, the Court's as well as both parties' resources will be conserved as a result of a stay.

Finally, in considering the balance, a court may take a "preliminary peek" at the merits of a motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). After reviewing Event Entertainment's motion to dismiss and the Plaintiffs' response thereto, the Court finds the motion to compel to have a strong likelihood of being granted. *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (quoting *Feldman v. Flood,* 176 F.R.D. 651, 652–53 (M.D.Fla.1997)). And, if the motion is granted, proceeding any further in this forum would ultimately be improper.

Accordingly, the Court **grants** Event Entertainment's motion to stay (**ECF No. 21**) the requirement that the parties engage in a Local Rule 16.1 conference or submit a Local Rule 16.1 schedule report until the Court has ruled on the motion to compel. The Court additionally stays all other discovery deadlines and requirements until it enters an order on the motion to compel. If the motion to compel is ultimately denied, discovery must immediately move forward. This brief stay will not cause any prejudice to the Plaintiffs who will be afforded sufficient opportunity to conduct discovery if their claims advance in this Court. The parties must file their joint discovery plan and conference

report within **seven days** if the Court denies Event Entertainment's motion to compel.

**Done and ordered**, in Miami, Florida, on September 15, 2020.

_____
Robert N. Scola, Jr.
United States District Judge